UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Eastern Division)

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
| TRI-CITY COMMUNITY ACTION PROGRAM, INC. | ) ) ) | Chapter 11<br>Case No. 15-11569-JNF |
| Debtor. | ) ) ) ) | |

### DEBTOR'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF RONALD PIERRE-LOUIS, CPA, LLC AS ACCOUNTANT FOR THE DEBTOR

Tri-City Community Action Program, Inc. (the "Debtor") hereby moves this Court for entry of an order pursuant to Section 327(a) of the Bankruptcy Code and Fed. R. Bankr. P. 2014(a) and 2016(b), authorizing the Debtor to retain and employ Ronald Pierre-Louis, CPA, LLC (the "Firm") as accountant for the Debtor in the above-captioned case effective as of April 23, 2015 (the "Petition Date"). The facts and circumstances supporting this Application are as set forth herein and in the Declaration of Ronald Pierre-Louis. (the "Declaration"), which is annexed hereto as <u>Exhibit A</u>. In support of this Application, the Debtor respectfully represents:

### Background

1. On April 23, 2015 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts.

2. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage its business and financial affairs as debtor-in-possession.

3. The Debtor is the antipoverty agency for Malden, Medford, Everett and surrounding Massachusetts towns. The Debtor filed this case to facilitate the transfer of its program to other social services agencies and wind up its affairs.

### Relief Requested

4. The Debtor wishes to retain and employ the Firm as its accountant during the administration of this Chapter 11 case. By this Application, the Debtor respectfully requests that this Court enter an order authorizing the Debtor to employ and retain the Firm as its accountant under a general retainer pursuant to Section 327(a) of the Bankruptcy Code, effective as of the Petition Date.

5. The Debtor seeks to retain the Firm as its accountant because of its extensive expertise and experience in the field. The Firm served as the Debtor's prepetition accountant during the period leading to the Debtor's Chapter 11 filing, and is familiar with the Debtor's business and operations. The Debtor desires that the Firm continue to serve as its accountant during this Chapter 11 case. The Debtor believes that the Firm's employment is in the best interest of the Debtor, its estates and creditors.

### Scope of Employment

6. The Debtor wishes to retain the Firm under a general retainer because of the extensive accounting services that may be required and the fact that the exact nature and extent of such services are not known at this time. The professional services that the Debtor expects the Firm will be called upon to

2

render include, without limitation: providing monthly operating reports, preparing corporate tax returns, providing bookkeeping services and general accounting advice.

## Compensation

7. Section 327(a) of the Bankruptcy Code authorizes the employment of a professional person by the debtor-in-possession, and Section 328(a) of the Bankruptcy Code provides for such employment to be on any reasonable terms and conditions of employment, including on an hourly basis. The Debtor expects that the Firm may render extensive accounting services, the cost of which cannot be estimated. Subject to this Court's approval and in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the rules and other procedures that may be fixed by this Court, the Debtor requests that the Firm be compensated pursuant to the terms set forth in this application. The Firm's standard hourly rate is $150 per hour for Mr. Pierre-Louis.

8. Other than as set forth herein, there is no proposed arrangement to compensate the Firm.

## The Firm Does Not Hold or Represent Any Adverse Interest

9. The Firm has completed a conflicts check that compares a list of the Firm's current and former clients against the names of: (a) the Debtor; (b) the Debtor's known creditors; and (c) other significant parties in interest in this case.

10. To the best of the Debtor's knowledge, based upon the Declaration and except as set forth herein and therein, the Firm does not hold or represent

3

any interest adverse to the Debtor or its Chapter 11 estate, creditors, or any other party with an actual or potential conflict in this Chapter 11 case.

11.     Except as set forth herein and in the Medaglia Declaration, to the best of the Debtor's knowledge, neither the Firm nor its partners or associates have any connections with the Debtor, its creditors, any other parties-in-interest, its current respective attorneys and accountants, the United States Trustee for this district or any person employed in the Office of the United States Trustee for this district, except that: (a) the Firm may serve as a professional person in other matters, wholly unrelated to the Debtor or its case, in which attorneys, accountants and other professional persons retained by the Debtor, creditors or other parties-in-interest have also been engaged, and (b) certain creditors of the Debtor may also have been creditors of other companies represented by the Firm in matters wholly unrelated to the Debtor or its case.

## Notice

12.     The Debtor is providing notice of this Motion to: (a) the Office of the United States Trustee; (b) the Committee of Unsecured Creditors; (c) taxing authorities; (d) all known secured creditors; and (e) all entities that have requested notice in this case.  The Debtor submits that, given the nature of the relief requested herein, no other or further notice is necessary.

## Conclusion

WHEREFORE, the Debtor respectfully requests that this Court (i) enter an order, in substantially the form attached, granting this Application effective as of the Petition Date, and (ii) grant such other and further relief as this Court may deem just and proper.

4

Dated:  May 21, 2015

        Respectfully Submitted,
        TRI-CITY COMMUNITY ACTION
        PROGRAM, INC.,
        By its attorney,

        */s/ John T. Morrier*
        John T. Morrier (BBO #628624)
        A. Davis Whitesell (BBO #551462
        Casner & Edwards, LLP
        303 Congress Street
        Boston, MA  02210
        Tel: 617-426-5900
        Fax: 617-426-8810
        Email: morrier@casneredwards.com

## CERTIFICATE OF SERVICE

  I, John T. Morrier, Esq., hereby certify that on the 21th day of May, 2015, I served the foregoing Debtor's Application for Order Authorizing Employment of Ronald Pierre-Louis, CPA, LLC, as Accountant for the Debtor by <u>electronic means, via the Court's CM/ECF system</u>, to:

- **Gayle P. Ehrlich**
  gehrlich@pierceatwood.com,
  mnatola@pierceatwood.com
- **John Fitzgerald**
  USTPRegion01.BO.ECF@USDOJ.GOV
- **John T. Morrier**
  morrier@casneredwards.com
- **Kate E. Nicholson**
  knicholson@nicholsonshepard.com
- **Daniel Occena**
  doccena@occenalaw.com
- **Jordan L. Shapiro**
  JSLAWMA@aol.com

               */s/ John T. Morrier*
               John T. Morrier (BBO #628624)
               Casner & Edwards, LLP
               303 Congress Street
               Boston, MA  02210
               Tel: 617-426-5900
               Fax: 617-426-8810
               morrier@casneredwards.com

**EXHIBIT A**
**Declaration**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Eastern Division)

|  |  |
|---|---|
| In re:  )<br>  )<br>TRI-CITY COMMUNITY ACTION  )<br>PROGRAM, INC.  )<br>  )<br>Debtor.  )<br>  ) | Chapter 11<br>Case No. 15-11569-JNF |

**DECLARATION OF RONALD PIERRE-LOUIS
IN SUPPORT OF THE DEBTOR'S APPLICATION FOR
ORDER AUTHORIZING RETENTION AND EMPLOYMENT
OF RONALD PIERRE-LOUIS, CPA, LLC
AS ACCOUNTANT FOR THE DEBTOR**

I, Thomas Medaglia, declare and state as follows:

1. I am a Certified Public Accountant and Principal at Ronald Pierre-Louis, CPA, LLC. ("the Firm"), which maintains an office at 11 Fairmount Avenue, Suite 105, Hyde Park, MA 02136.

2. I submit this declaration in connection with the application (the "Application") of Tri-City Community Action Program, Inc. (the "Debtor"), to retain the Firm as accountant for the Debtor on all such matters resulting from the Debtor's chapter 11 case and to provide the disclosures required under Section 327(a) of the Bankruptcy Code, Fed. R. Bankr. P. 2014(a) and 2016(b), and MBLR 2014-1. The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify competently thereto.

3. In preparing this Declaration, I submitted to be matched against the Firm's list of its current and former clients the names of: (a) the Debtor; (b)

the Debtor's principal unsecured creditors; and (c) the other significant parties in interest in this case of whom I am aware.

4. The Firm maintains and systematically updates the client list in the regular course of business, and it is the regular practice of the Firm to make and maintain these records.

5. To the best of my knowledge, neither I nor any member or employee of the Firm have any connection with the Debtor's creditors, other parties-in-interest, its and their respective attorneys, accountants and other professional persons, the United States Trustee for this district and any person employed in the office of such United States Trustee, except that: (a) the Firm has been the Debtor's accountant since July 2014; (b) the Firm may serve as a professional person in other matters, wholly unrelated to the Debtor or its case, in which attorneys, accountants and other professional persons retained by the Debtor, creditors or other parties in interest have also been engaged; and (c) certain creditors of the Debtor may also have been creditors of other companies represented by the Firm in matters wholly unrelated to the Debtor or this case.

6. The Firm may in the past have represented, may currently represent, and may in the future represent other entities not currently known to it who may be creditors of the Debtor in matters wholly unrelated to the Chapter 11 case of the Debtor. To the extent that the Firm discovers information concerning any such entities, it will promptly disclose such information to this Court on notice to creditors and the United States Trustee for this district.

7. Insofar as I have been able to ascertain, and except as set forth in paragraph 5 above, the Firm does not represent any interest adverse to the

Debtor in the matters upon which it is to be engaged, and is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

8.  The Firm is not a creditor of the Debtor, and it is not an equity security holder or an insider of the Debtor. For so long as it represents the Debtor, the Firm will not represent any entity other than the Debtor in connection with this case.

9.  The professional services that the Firm expects to render to the Debtor include, without limitation: providing monthly trustee reports, preparing corporate tax returns, providing bookkeeping services and general accounting advice.

10.  The Firm intends to apply for compensation for professional services rendered in connection with this Chapter 11 case subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the rules and other procedures that may be fixed by this Court, the Debtor requests that the Firm be compensated on an hourly basis. My hourly rate is $150.

11.  It is the policy of the Firm to charge its clients for certain other expenses incurred in connection with the client's case. The expenses charged to clients may include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as overtime for secretarial personnel and other

3

staff. The Firm will charge the Debtor's estates for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

12.  Other than as set forth herein, there is no proposed arrangement to compensate the Firm. The Firm has not shared, nor agreed to share (a) any compensation it has received or may receive with any other party or person, other than with its own professionals, or (b) any compensation another person or party has received or may receive.

I declare under penalty of perjury that the foregoing is true and correct. Dated this 21st day of May, 2015, at Boston, Massachusetts.

_____
Ronald Pierre-Louis

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Eastern Division)

|  |  |
|---|---|
| In re:<br><br>TRI-CITY COMMUNITY ACTION<br>PROGRAM, INC.<br><br>      Debtor. | Chapter 11<br>Case No. 15-11569-JNF |

DECLARATION RE: ELECTRONIC FILING

    I, Ronald Pierre-Louis, hereby declare under penalty of perjury that all of the information contained in my Declaration of Ronald Pierre-Louis in Support of the Debtor's Application for Order Authorizing Retention and Employment of Ronald Pierre-Louis, CPA, LLC as Accountant for the Debtor, and any other document executed by me in this case (the "Documents") filed electronically, is true and correct to the best of my knowledge and belief. I understand that this DECLARATION is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Documents and other documents filed for me in this case. I understand that failure to file this DECLARATION may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

    I further understand that, pursuant to the Massachusetts Electronic Filing Local Rule (MEFR) 7(b), all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: May 21, 2015

_____
Ronald Pierre-Louis

58492.0/602799.1

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | | |
|---|---|---|
| In re: | ) ) ) | |
| TRI-CITY COMMUNITY ACTION PROGRAM, INC. | ) ) | Chapter 11 Case No. 15-11569-JNF |
| Debtor. | ) ) ) | |

**ORDER AUTHORIZING RETENTION
AND EMPLOYMENT OF RONALD PIERRE-LOUIS, CPA,
LLC AS ACCOUNTANT FOR THE DEBTOR**

Upon consideration of the Debtor's Application for Order Authorizing Retention and Employment of Ronald Pierre-Louis, CPA, LLC, as accountant for the Debtor (the "Application"); and after due deliberation and sufficient cause appearing ,

**THE COURT FINDS AND CONCLUDES THAT:**

A. This Court has jurisdiction over this case under 28 U.S.C. § 1334(b).

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. Due and adequate notice has been given to all parties entitled thereto, and no other or further notice is necessary or required.

D. This Court has reviewed the Application and the Declaration of Ronald Pierre-Louis in Support of the Application and has considered the representations regarding the relief requested therein.

E. The relief requested in the Application is necessary and in the best interests of the Debtor, its estate and creditors.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is granted.

2. Pursuant to Section 327(a) of the Bankruptcy Code, the Debtors are hereby authorized and empowered to employ the Ronald Pierre-Louis, CPA, LLC ("the Firm") as its accountant during this Chapter 11 case, effective as of April 24, 2015.

3. The Firm shall be compensated in accordance with the procedures set forth in Sections 330 and 331 of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the rules of this Court, and such other procedures as have been or may be fixed by order of this Court.

4. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____                     _____
                                           Hon. Joan N. Feeney
                                           United States Bankruptcy Judge

58492./602766.1

2