UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Eastern Division)

|  |  |
|---|---|
| In re: | ) |
| | ) |
| TRI-CITY COMMUNITY ACTION PROGRAM, INC. | ) Chapter 11 |
| | ) Case No. 15-11569-JNF |
| Debtor. | ) |
| | ) |

# SUPPLEMENT TO DEBTOR'S LIQUIDATING PLAN DATED APRIL 14, 2017
### [CREDITOR TRUST INSTRUMENT]

Tri-City Community Action Program, Inc. (the "Debtor") hereby supplements the Debtor's Liquidating Plan Dated April 14, 2017 [Docket No. 141-1] (the "Plan") through submission of the form of Creditor Trust Instrument attached hereto as Exhibit A, which constitutes the "Creditor Trust Instrument" identified in Section 1.24 of, and to be incorporated as Exhibit A to, the Plan.

Dated: May 17, 2017

TRI-CITY COMMUNITY
ACTION PROGRAM, INC.,

By its attorneys,

*/s/ A. Davis Whitesell*
John T. Morrier (BBO #628624)
A. Davis Whitesell (BBO #551462)
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210
Tel: 617-426-5900
Fax: 617-426-8810
Email: whitesell@casneredwards.com

# Exhibit A

## [Creditor Trust Instrument]

# CREDITOR TRUST INSTRUMENT
## [Bankruptcy Estate of Tri-City Community Action Program, Inc.]

This CREDITOR TRUST INSTRUMENT, made effective as of _____, 2017 (this "Instrument"), constituting the undertaking of, and the agreement by and between, each of (i) Tri-City Community Action Program, Inc., as debtor and debtor-in-possession (the "Debtor") in the Chapter 11 case pending in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court"), Case No. 15-11569-JNF (the "Bankruptcy Case"), and (ii) Kate Nicholson, Esq., in her capacity as trustee of the Creditor Trust created herein (in such capacity, the "Creditor Trustee"). Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtor's Liquidating Plan Dated April 14, 2017 (including all exhibits attached thereto or referenced therein, and as the same may be amended, modified or supplemented, the "Plan").

## Background

A.	On April 23, 2015, the Debtor filed a voluntary petition commencing the Bankruptcy Case.

B.	On April 14, 2017, the Debtor filed the Plan. The Plan is a liquidating plan predicated on (i) the sale or other disposition of the Debtor's assets and (ii) the Debtor's settlement of certain claims and disputes arising out of the Debtor's prepetition operations. The Plan provides for the creation of a creditor trust to administer and distribute certain proceeds of the Debtor's bankruptcy estate for the benefit of general unsecured creditors, who will become beneficiaries of the trust.

C.	On _____, 2017, the Bankruptcy Court entered the Confirmation Order confirming the Plan.

D.	The Plan and the Confirmation Order provide that upon the Effective Date the Creditor Trust shall be established for the benefit of the holders of Allowed Class 7 Claims (the "Creditor Trust Beneficiaries" or "Beneficiaries").

E.	The Effective Date of the Plan has occurred as of the date of this Instrument.

F.	This Instrument creates the Creditor Trust pursuant to the terms of the Plan and the Confirmation Order.

**Agreement**

**NOW, THEREFORE**, in consideration of the premises and the mutual covenants contained herein, and to effect the provisions of the Plan concerning the treatment of Allowed Class 7 Claims, the Debtor and the Creditor Trustee agree as follows:

**ARTICLE I**
**DECLARATION OF TRUST**

1.1   Creation of Trust.  Pursuant to the Plan and the Confirmation Order and in accordance with the applicable provisions of chapter 11 of the Bankruptcy Code, the "Tri-CAP Creditor Trust" (the "Creditor Trust" or "Trust") is hereby constituted and created.  In connection with the exercise of the Creditor Trustee's power hereunder, the Creditor Trustee may use this "Tri-CAP Creditor Trust" name or such variation thereof as the Creditor Trustee sees fit.

1.2   Purpose of Trust.  The Creditor Trust is established for the primary purpose of liquidating its assets in accordance with Treasury Regulation Section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Creditor Trust. The Creditor Trust shall not be deemed a successor-in-interest of the Debtor for any purpose other than as specifically set forth herein or in the Plan and the Confirmation Order.  The Creditor Trust is intended to qualify as a "grantor trust" for federal income tax purposes with the Creditor Trust Beneficiaries treated as grantors and owners of the Creditor Trust.

1.3   Transfer of Trust Assets.

(a)   In accordance with Section 5.4 of the Plan, and in satisfaction of Allowed Class 7 Claims, the Creditor Trust Assets are deemed transferred to the Creditor Trust as of the Effective Date, free and clear of any and all liens, claims, encumbrances and interests (legal, beneficial or otherwise) of all other entities to the maximum extent contemplated by and permissible under Code Section 1141(c), the Plan, and the Confirmation Order, and, subject to the provisions of Section 4.1, for the sole benefit of the Creditor Trust Beneficiaries.  The Creditor Trust Assets (sometimes hereinafter referred to as the "Trust Assets") are to be held, administered, liquidated, collected, and distributed by the Creditor Trustee in accordance with the terms and conditions of the Plan and this Instrument for the sole benefit of the Creditor Trust Beneficiaries. Nothing in this Instrument is intended to, or shall be construed to, effect a release, extinguishment or compromise of any Estate Cause of Action transferred to the Creditor Trust pursuant to the Plan and this Instrument, nor to vitiate the effect of Sections 5.6 and 6.5 of the Plan.

(b)   To the extent that any assets of the Debtor's bankruptcy estate that constitute Creditor Trust Assets cannot be transferred to the Creditor Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded pursuant to the Plan by Code Section 1123 or any other provision of the Bankruptcy Code, such assets shall continue to constitute property of the Estate under the control of the Debtor, and administered in a manner consistent with Sections 5.6 and 6.5 of the Plan.

    (c) For all federal, state and local income tax purposes, each holder of an Allowed Class 7 Claim shall be treated as transferring its Allowed Claim to the Debtor in exchange for the holder's Pro Rata share of the Creditor Trust Assets (subject to any liabilities of the Estate or the Trust assumed by or payable from the Trust), and then transferring the holder's Pro Rata share of the Creditor Trust Assets (subject to such liabilities) to the Trust in exchange for such holder's Pro Rata share of the beneficial ownership of the Trust Assets in accordance with the terms of the Plan and this Instrument (such beneficial ownership as the "<u>Beneficial Interests</u>").

    (d) To the extent that the Creditor Trustee deems it necessary or appropriate in her sole discretion, the Creditor Trustee shall value the Creditor Trust Assets based on the good faith determination of the Creditor Trustee in consultation with her professional advisors, and any such valuation shall be used consistently by all parties for all federal income tax purposes.

  1.4 <u>Liquidation of Trust Assets.</u> The Creditor Trustee shall, in an expeditious but orderly manner and subject to the other provisions of the Plan, the Confirmation Order and this Instrument, liquidate and convert the Creditor Trust Assets to cash, make timely distributions in accordance with the terms hereof and not unduly prolong the existence of the Creditor Trust. The Creditor Trustee shall exercise reasonable business judgment and liquidate the Creditor Trust Assets to maximize net recoveries to the Creditor Trust Beneficiaries; provided that the Creditor Trustee shall be entitled to take into consideration the risks, timing and costs of potential actions in making determinations as to the maximization of such recoveries. Such liquidations may be accomplished through the prosecution, compromise and settlement, abandonment or dismissal of any or all Estate Causes of Action or otherwise or through the sale, collection, or other disposition of the Creditor Trust Assets. The Creditor Trustee may incur any reasonable and necessary expenses associated with the administration of the Creditor Trust, including, but not limited to, reasonable costs and expenses to be incurred in connection with the prosecution of Estate Causes of Action, and will be reimbursed for such reasonable and necessary expenses.

  1.5 <u>Appointment and Acceptance of Creditor Trustee.</u>  The Trustee shall be deemed to be appointed as Creditor Trustee pursuant to Code Section 1123(b)(3)(B) and Section 5.4 of the Plan. The Creditor Trustee accepts the Trust created by this Instrument and the grant, assignment, transfer, conveyance and delivery to the Trust, for the benefit of the Creditor Trust Beneficiaries, of all of the Estate's right, title and interest in and to the Creditor Trust Assets, upon and subject to the terms and conditions set forth in the Plan, the Confirmation Order, and this Instrument. For the avoidance of doubt, the Creditor Trustee shall not be deemed to be an "underwriter" in connection with the distribution of any Trust Assets, as such term is defined in Code Section 1145(b), and no employees, agents or representatives of the Creditor Trustee shall be deemed to be a "broker-dealer" as such term is defined in the Securities Exchange Act of 1934, as amended, or any rules promulgated thereunder.

  1.6 <u>No Reversion to Debtor.</u> Subject to <u>Section 1.3(b)</u>, in no event shall any part of the Creditor Trust Assets revert to or be distributed to the Debtor.

  1.7 <u>Incidents of Ownership.</u>  The Creditor Trust Beneficiaries shall be the sole beneficiaries of the Creditor Trust and the Creditor Trust Assets, and Creditor Trustee shall retain only such incidents of ownership as are necessary to undertake the actions and transactions

authorized in the Plan, the Confirmation Order, and this Instrument, including, but not limited to, those powers set forth in Sections 5.6 and 6.5 of the Plan and in Section 6.1.

## ARTICLE II
## CREDITOR TRUST BENEFICIARIES

2.1     Rights of Creditor Trust Beneficiaries. Each Creditor Trust Beneficiary shall be entitled to participate in the rights and benefits due to a Creditor Trust Beneficiary hereunder according to the terms of its Beneficial Interest. Each Creditor Trust Beneficiary shall take and hold the same, subject to all the terms and conditions of this Instrument, the Plan and the Confirmation Order. The interest of a Creditor Trust Beneficiary is hereby declared and shall be in all respects personal property. Except as expressly provided hereunder, a Creditor Trust Beneficiary shall have no title to, right to, possession of, management of or control of the Creditor Trust or the Creditor Trust Assets. The ownership of a Beneficial Interest in the Creditor Trust shall not entitle any Creditor Trust Beneficiary to any title in or to the Creditor Trust Assets or to any right to call for a partition or division of such assets or to require an accounting, except as specifically provided herein.

2.2     Evidence of Beneficial Interest. Ownership of a Beneficial Interest in the Creditor Trust shall not be evidenced by any certificate, security or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Trust by the Creditor Trustee, and the Beneficial Interests are not transferable. The Creditor Trustee shall, upon written request of a holder of a Beneficial Interest, provide reasonably adequate documentary evidence of such holder's Beneficial Interest, as indicated in the books and records of the Trust. The expense of providing such documentation shall be borne by the requesting Creditor Trust Beneficiary.

## ARTICLE III
## DURATION AND TERMINATION OF TRUST

3.1     Duration. The Creditor Trust shall be deemed effective upon the Effective Date and shall remain and continue in full force and effect until terminated as provided herein. The Trust shall terminate (the "Termination Date") upon the occurrence of the earlier of (a) the full administration, liquidation, collection, and distribution of the Trust Assets in accordance with the Plan, the Confirmation Order, and this Instrument and the full performance of all other duties and functions of the Creditor Trustee set forth in the Plan, the Confirmation Order, and this Instrument or (b) the sixth anniversary of the Effective Date (the "Initial Term").  In no event shall the Creditor Trust be dissolved later than six (6) years from the Effective Date unless the Bankruptcy Court, upon motion within the six (6) month period prior to the end of the Initial Term (and, in the case of any extension, within six (6) months prior to the end of such extension), determines that a fixed period extension (not to exceed three (3) years after the end of the Initial Term unless the Creditor Trustee has obtained a favorable letter ruling from the IRS that any further extension would not adversely affect the status of the Creditor Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete the recovery and liquidation of the Creditor Trust Assets.  The Creditor Trustee may but, except as required by the foregoing sentence, shall not be obligated to obtain an opinion of counsel or a ruling from the Internal Revenue Service that any such extension shall not adversely affect the status of the Creditor Trust as a grantor trust for federal income tax purposes.  In no event shall the Creditor Trustee unduly prolong the duration

4

of the Creditor Trust, and the Creditor Trustee shall, in the exercise of her reasonable business judgment and in the interests of the Creditor Trust Beneficiaries, at all times prosecute the Estate Causes of Action in a manner reasonably calculated to maximize net recoveries to the Creditor Trust Beneficiaries.

   3.2  Continuance of Trust for Winding Up. After the termination of the Creditor Trust and solely for the purpose of liquidating and winding up the affairs of the Creditor Trust, the Creditor Trustee shall continue to act as such until her duties have been fully performed. Upon distribution of all the Creditor Trust Assets, the Creditor Trustee shall retain the books, records and files that shall have been delivered to or created by the Creditor Trustee. At the Creditor Trustee's discretion, all of such records and documents may be destroyed at any time following the date of final distribution of Creditor Trust Assets as the Creditor Trustee deems appropriate. Except as otherwise specifically provided herein, upon the final distribution of Creditor Trust Assets and the termination of the Creditor Trust the Creditor Trustee shall be deemed discharged and have no further duties or obligations hereunder.

## ARTICLE IV
## ADMINISTRATION OF TRUST

   4.1  Payment of Expenses and Liabilities; Expense Reserve. The Creditor Trustee shall utilize the cash portion of, and cash proceeds of, Creditor Trust Assets: (a) to pay reasonable compensation to the Creditor Trustee for her services in administering the Creditor Trust, initially at the rate of $250 per hour and subject to annual adjustment as the Creditor Trustee reasonably determines; (b) to pay the Creditor Trustee's expenses of administering the Trust, including, but not limited to, any taxes imposed on the Trust, reasonable compensation to the Creditor Trustee's professional advisors, and other expenses of administration, preservation, collection, liquidation, and distribution of the Trust Assets; (c) to satisfy obligations or other liabilities incurred or assumed by the Trust (or to which the Trust Assets are otherwise subject) in accordance with the Plan (including any payments provided for by Sections 5.6 and 6.5 of the Plan), the Confirmation Order, this Instrument, and applicable law or regulation; and (d) to satisfy any other obligations of the Trust expressly set forth in the Plan, the Confirmation Order, or this Instrument, including without limitation any payments provided for by Section 7.5. The Creditor Trustee shall cause the Trust at all times to retain sufficient funds as the Creditor Trustee shall reasonably determine to be reasonably necessary for the Trust to: (i) meet contingent liabilities and maintain the value of the Trust Assets during liquidation; (ii) make the payments and satisfy the obligations and liabilities described in this Section 4.1 as well as satisfy all obligations to remit amounts pursuant to applicable federal and state laws relating to taxes; (iii) fund any other amounts as required under the Plan; and (iv) reserve for payment of the foregoing expenses of administering the Creditor Trust (the funds retained for such purposes, the "Expense Reserve").

   4.2  Distributions to Creditor Trust Beneficiaries.

     (a)  Trust Assets Available for Distribution. "Trust Assets Available for Distribution" shall at any particular time be the amount of liquid (i.e., cash or cash equivalents) Creditor Trust Assets less the amount of the Expense Reserve.

     (b)  Timing of Distributions. The Creditor Trustee shall make distributions

5

of the Trust Assets Available for Distribution on such dates that the Creditor Trustee determines are appropriate from time to time, but in any event not less than once during each calendar year (each such distribution date, a "Distribution Date"); provided, however, that the Creditor Trustee shall, if the amount of Trust Assets Available for Distribution at such time is less than $100,000, be entitled to defer any such distribution until the amount of Trust Assets Available for Distribution is greater than $100,000.

(c)     Amount of Distributions.  From each distribution of Trust Assets Available for Distribution made by the Creditor Trustee on a Distribution Date, each Beneficiary shall be entitled to receive payment of its Pro Rata share of such Trust Assets Available for Distribution.

(d)     Computation of Pro Rata Shares.  Within 30 days prior to each Distribution Date, the Creditor Trustee shall compute each Beneficiary's Pro Rata share of Trust Assets Available for Distribution based on the status of Allowed Class 7 Claims, Unresolved Class 7 Claims, and Disallowed Class 7 Claims as of the time of such computation, and shall in determining the amount to be paid to particular Beneficiaries account for (i) prior distributions of Trust Assets Available for Distribution, (ii) retained De Minimis Distributions (as defined in Section 4.2(e)), and (iii) Unclaimed Distributions (as defined in Section 4.3).

(e)     De Minimis Distributions.  The Creditor Trustee will not be required to make any distribution to a particular Creditor Trust Beneficiary if such distribution will be less than $20.00 (a "De Minimis Distribution"), unless the Creditor Trust Beneficiary notifies the Creditor Trustee in writing that it desires such De Minimis Distribution to be made to it, provided however that (i) the Creditor Trustee shall retain any De Minimis Distributions for inclusion in a future distribution of Trust Assets Available for Distribution to an affected Beneficiary that (including the retained De Minimis Distribution) exceeds $20.00, and (ii) upon termination of the Trust and in preparation for the final distribution of Trust Assets Available for Distribution pursuant to Section 4(f), any final distribution to a Beneficiary that would include a retained De Minimis Distribution and still total less than $20.00 will be treated as an Unclaimed Distribution.

(f)     Distribution of Trust Proceeds Upon Termination. Promptly following the termination of the Trust, the Creditor Trustee shall distribute any Trust Assets Available for Distribution not yet distributed from the Trust to the Creditor Trust Beneficiaries in accordance with the terms of this Instrument, the Plan and the Confirmation Order.

(g)     Location for Distributions; Notice of Change of Address.  The Creditor Trustee shall deliver payments of Trust Assets Available for Distribution to Beneficiaries at their respective addresses set forth in their proofs of claim or any subsequent written notices of address provided to the Debtor or to the Creditor Trustee by the affected Beneficiaries, or, in the absence of any such proof of claim or written notice of address, as set forth in the Debtor's Schedules of Liabilities or otherwise made known to the Creditor Trustee. The Creditor Trustee is not obligated to make any effort to determine the correct address of any Creditor Trust Beneficiary.

6

4.3     Undeliverable Property; Unclaimed Distributions.  If any check representing a distribution of Trust Assets Available for Distribution to a Creditor Trust Beneficiary is returned to the Creditor Trustee as undeliverable, no further distribution to such Beneficiary shall be made unless and until the Creditor Trustee is notified in writing within 90 days following the date of issuance of the undeliverable check (the "Distribution Participation Deadline") of such Beneficiary's then-current mailing address.  If a Creditor Trust Beneficiary timely provides written notice of such Beneficiary's then-current mailing address, then any previously undeliverable distribution shall be made to such Beneficiary without interest. For purposes of this Instrument, undeliverable distributions shall include any check sent to a Creditor Trust Beneficiary for a distribution of Trust Assets Available for Distribution that has not been cashed by the Distribution Participation Deadline.  Any Creditor Trust Beneficiary that does not cash its distribution check or provide notice to the Creditor Trustee of such Beneficiary's then-current address by the Distribution Participation Deadline shall no longer have any further claim to or interest of any kind or nature in the Trust Assets, and such Beneficiary's erstwhile title to and all Beneficial Interests related thereto shall revert to or remain in the Trust and shall constitute "Unclaimed Distributions" to be redistributed to the remaining holders of Beneficial Interests in accordance with Section 4.2 hereof.  The Creditor Trustee may in her sole discretion extend the Distribution Participation Deadline for any particular Beneficiary, but shall have no obligation to do so.

4.4     Exchange Act. In addition to certain requirements set forth in this Instrument, the Trust shall take such precautions as the Creditor Trustee shall deem necessary or appropriate for the Trust to avoid becoming subject to the registration requirements of the Securities Exchange Act of 1934, as amended (the "Exchange Act"); provided, however, that if the Trust becomes subject to such registration requirements, the Creditor Trustee shall cause the Trust to register pursuant to, and comply with, the applicable reporting requirements of the Exchange Act.

4.5     Fiscal Year. Except for the first and last years of the Trust, the fiscal year of the Trust shall be the calendar year. For the first and last years of the Trust, the fiscal year of the Trust shall be such portion of the calendar year that the Trust is in existence.

4.6     Books and Records. The Creditor Trustee shall maintain, in respect of the Trust and the holders of Beneficial Interests, books and records relating to the assets and the income of the Trust and the payment of expenses of the Trust and the Creditor Trustee, in such detail and for such period of time as may be necessary to enable it to make full and proper reports in respect thereof in accordance with the provisions of this Instrument and applicable provisions of law. The Creditor Trustee shall provide any Creditor Trust Beneficiary with access to such books and records during normal business hours as may be reasonably requested with advance notice.

4.7     Cash Payments. All Cash distributions required to be made by the Creditor Trustee to the holders of Beneficial Interests shall be made in Cash denominated in U.S. dollars by checks drawn on a United States domestic bank selected by the Creditor Trustee or, at the option of the Creditor Trustee, by wire transfer from a United States domestic bank selected by the Creditor Trustee; provided, however, that cash payments to foreign holders of Beneficial Interests may be made, at the option of the Creditor Trustee, in such funds as and by such means as are necessary or customary in a particular foreign jurisdiction.

7

# ARTICLE V
# TAX MATTERS

  5.1 <u>Tax Treatment.</u> The Debtor, the Creditor Trustee and the holders of Beneficial Interests will treat the Creditor Trust as a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d) and any comparable provision of state or local law. The Creditor Trust shall be considered a "grantor" trust and is intended to comply with the requirements of a liquidating trust, which is a grantor trust, as set forth in Revenue Procedure 94-45, 1994-2 C.B. 684. Consistent with this treatment, for all federal, state and local income tax purposes, each holder of an Allowed Class 7 Claim, as applicable, shall be treated as transferring such Claim to the Debtor in exchange for such holder's share of the Creditor Trust Assets (subject to the liabilities of the Estate or the Trust assumed or payable by the Creditor Trust, including pursuant to <u>Section 4.1</u>) and then as transferring the holder's share of the Creditor Trust Assets (subject to such liabilities) to the Creditor Trust in exchange for the holder's Beneficial Interest. The holders of Beneficial Interests in the Creditor Trust will be treated solely for tax purposes as the grantors and deemed owners of the Creditor Trust, and the Debtor, the Creditor Trustee, and the Creditor Trust Beneficiaries will use consistent valuations of the Creditor Trust Assets (and liabilities) as may be determined in accordance with <u>Section 1.3(d)</u>. The Creditor Trustee shall be authorized to take any action necessary to maintain compliance with this Treasury Regulation or any successor regulation that does not contradict the terms of this Instrument, the Plan, or the Confirmation Order. In the event the Creditor Trust shall fail or cease to qualify as a liquidating trust in accordance with Treasury Regulations Section 301.7701-4(d), the Creditor Trustee shall take such action as she shall deem appropriate to have the Creditor Trust classified as a partnership for federal tax purposes under Treasury Regulations Section 301.7701-3 (but not a "publicly traded partnership" subject to Section 7704(a) of the Internal Revenue Code of 1986, as amended (the "<u>Tax Code</u>")), including, if necessary, creating or converting it into a Delaware limited liability partnership or limited liability company that is so classified.

  5.2 <u>Tax Reporting.</u> The "taxable year" of the Trust shall be the "calendar year" as those terms are defined in Section 441 of the Tax Code. The Creditor Trustee shall file statements for the Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a). The Creditor Trustee shall annually, within 75 days after the end of each calendar year, send to each record holder of a Beneficial Interest a separate statement setting forth the holder's share or items of income, gain, loss, deduction or credit for such year and will instruct all such holders to report such items on their federal income tax returns for such year. Such reporting shall also occur within 60 days of the dissolution of the Trust. The Trust's taxable income, gain, loss, deduction or credit will be allocated (subject to provisions of the Plan relating to disputed Claims and <u>Section 5.4</u> hereof) to the Creditor Trust Beneficiaries in accordance with their relative Beneficial Interests in the Trust.

  5.3 <u>Tax Withholdings.</u> The Creditor Trustee may withhold and pay to the appropriate taxing authority all amounts required to be withheld pursuant to the Tax Code, or any provision of any foreign, state or local tax law with respect to any payment or distribution to the Creditor Trust Beneficiaries. All such amounts withheld, and paid to the appropriate taxing authority, shall be treated as amounts distributed to such Creditor Trust Beneficiaries for all purposes of this Instrument. The Creditor Trustee shall be authorized to collect such tax information from the

8

Creditor Trust Beneficiaries (including, without limitation, social security numbers or other tax identification numbers) as the Creditor Trustee in her sole discretion deems necessary to effectuate the Plan, the Confirmation Order and this Instrument. The Creditor Trustee may refuse to make a distribution to any Creditor Trust Beneficiary that fails to furnish such information in a timely fashion, until such information is delivered; provided, however, that upon the Creditor Trust Beneficiary's delivery of such information, the Creditor Trustee shall make such distribution to which the Creditor Trust Beneficiary is entitled, without any interest and income thereon.

   5.4  Foreign Tax Matters. The Creditor Trustee shall take all reasonable steps, including the filing of any necessary documentation or elections with any non U.S. tax authority, to minimize, under non U.S. law: (i) the liabilities of the Trust and the Creditor Trust Beneficiaries for non U.S. taxes, interest, penalties and other amounts; (ii) the obligations of the Trust to file non U.S. tax or information returns or other documentation; and (iii) the obligations of the Trust to withhold and remit amounts to any non U.S. taxing authority in respect of payments or distributions of income or property by the Trust. The Creditor Trustee shall duly comply on a timely basis with all obligations, and satisfy all liabilities, imposed on the Creditor Trustee or the Trust under non U.S. law relating to taxes.

## ARTICLE VI
## POWERS OF AND LIMITATIONS ON THE CREDITOR TRUSTEE

   6.1  Powers of the Creditor Trustee. The Creditor Trustee shall have only such rights, powers and privileges expressly set forth in the Plan and this Instrument, and such other powers reasonably incidental thereto, and as otherwise provided by applicable law. Subject to the other provisions of this Instrument, the Creditor Trustee shall be expressly authorized to undertake the following actions, in the Creditor Trustee's good faith judgment, in the best interests of the Creditor Trust Beneficiaries and to maximize net recoveries therefor:

   (a)  hold, administer and prosecute the Creditor Trust Assets and any proceeds thereof;

   (b)  execute any documents and take any other actions related to, or in connection with, the liquidation of the Creditor Trust Assets and the exercise of the Creditor Trustee's powers granted herein;

   (c)  hold legal title to any and all rights of the Creditor Trust Beneficiaries in, to or arising from the Creditor Trust Assets;

   (d)  protect and enforce the rights to the Creditor Trust Assets vested in the Creditor Trustee by this Instrument by any method deemed reasonably appropriate, including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law and general principles of equity;

   (e)  make distributions of the Creditor Trust Assets to the appropriate Creditor Trust Beneficiaries in accordance with this Instrument, the Plan, and the Confirmation Order;

   (f) prepare and file, if necessary, any and all tax returns with respect to the Creditor Trust and pay taxes properly payable by the Trust, if any;

   (g) prepare and make all necessary filings in accordance with any applicable law, statute or regulation, including, but not limited to, the Exchange Act (to the extent required under applicable law);

   (h) determine and satisfy from the Creditor Trust Assets any and all taxes and ordinary course liabilities, including reasonable professional fees and expenses of the Creditor Trustee and her advisors, created, incurred or assumed by the Trust;

   (i) retain, as an expense of the Creditor Trust, attorneys, advisors, other professionals and employees as may be appropriate to perform the duties required of the Creditor Trustee hereunder or in the Plan;

   (j) invest monies received by the Creditor Trust or Creditor Trustee or otherwise held by the Creditor Trust or Creditor Trustee in such investments that are consistent with the Creditor Trust's status as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d);

   (k) in the event that the Creditor Trustee determines that the Creditor Trust Beneficiaries or the Creditor Trust may, will or have become subject to adverse tax consequences, take such actions that will, or are intended to, alleviate such adverse tax consequences;

   (l) in the event that the Creditor Trust shall fail or cease to qualify as a liquidating trust within the meaning of Treasury Regulations Section 301.7701-4(d), take any and all necessary actions as it shall deem appropriate to have the Creditor Trust classified as a partnership for federal tax purposes under Treasury Regulations Section 301.7701-3 (but not a "publicly traded partnership" subject to Section 7704(a) of the Tax Code), including, if necessary, creating or converting the Creditor Trust into a Delaware limited liability partnership or limited liability company that is so classified;

   (m) perform such functions and take such actions with respect to the Creditor Trust as are provided for or permitted in the Plan, the Confirmation Order, this Instrument or any other agreement executed pursuant to the Plan; and

   (n) take any of the foregoing actions, and execute any documents relating thereto, in the Creditor Trustee's own name, on behalf of the Creditor Trust.

6.2     Limitations on Creditor Trustee. No part of the Trust Assets shall be used or disposed of by the Creditor Trustee in furtherance of any trade or business. The Creditor Trustee shall, on behalf of the Trust, hold the Trust out as a trust in the process of liquidation and not as an investment company. The Creditor Trustee shall not engage in any investments or activities inconsistent with the treatment of the Creditor Trust as a liquidating trust within the meaning of Treasury Regulations Section 301.7701-4(d) while the Creditor Trust qualifies as a liquidating trust, provided, however, that if the Creditor Trust (or a Delaware limited liability or limited liability partnership into which it shall be converted) shall be classified as a partnership for federal tax purposes under Treasury Regulations 301.7701-3 (but not a "publicly traded partnership" subject to Section 7704(a) of the Tax Code), the foregoing restrictions shall not apply. The Creditor Trustee shall not become a market-maker for the Beneficial Interests or otherwise attempt to create a secondary market for the Beneficial Interests. The Creditor Trustee shall be restricted to the liquidation of the Trust Assets on behalf, and for the benefit, of the Creditor Trust Beneficiaries and the distribution and application of Trust Assets for the purposes set forth in this Instrument, the Plan, and the Confirmation Order, and the conservation and protection of the Trust Assets and the administration thereof in accordance with the provisions of this Instrument, the Plan, and the Confirmation Order.

6.3     Agents and Professionals. The Creditor Trustee may from time to time enter into contracts with, consult with and retain, attorneys, accountants, appraisers, disbursing agents or other parties deemed by the Creditor Trustee to have qualifications necessary or desirable to assist in the proper administration of the Creditor Trust, including any estate professionals retained during the Case. The Creditor Trustee shall pay the reasonable fees and expenses of such persons out of the Creditor Trust Assets in the ordinary course of business without the need for approval of the Bankruptcy Court.

## ARTICLE VII
## CONCERNING THE CREDITOR TRUSTEE

7.1     Generally. The Creditor Trustee shall exercise the rights and powers conferred upon the Creditor Trustee by this Instrument, the Plan, and the Confirmation Order, to the same degree of care and skill as a prudent person would exercise or use under the circumstances in the conduct of such person's own affairs. No provision of this Instrument, the Plan, or the Confirmation Order shall be construed to relieve the Creditor Trustee from liability for her own gross negligence, fraud, or willful misconduct, except that the Creditor Trustee shall not be liable for any error of judgment, or any action taken or omitted to be taken in good faith in reliance upon the advice of professionals retained by the Creditor Trustee in accordance with this Instrument.

7.2     Reliance by Creditor Trustee. Except as otherwise provided in this Instrument, the Plan, or the Confirmation Order:

(a)     the Creditor Trustee may rely and shall be protected in acting upon any resolution, statement, instrument, opinion, report, notice, request, consent, order or other paper or document reasonably believed by the Creditor Trustee to be genuine and to have been signed or presented by the proper party or parties;

11

(b)    The Creditor Trustee may absolutely and unconditionally presume that any other parties purporting to give any notice of instructions in writing has been duly authorized to do so, and may rely on such notice; and

(c)    persons (including any professionals retained by the Creditor Trustee in accordance with this Instrument) engaged in transactions with the Creditor Trustee shall look only to the Trust Assets to satisfy any liability incurred by the Creditor Trustee to such person in carrying out the terms of this Instrument, the Plan, or the Confirmation Order, and the Creditor Trustee shall have no personal or individual obligation to satisfy any such liability.

7.3    <u>Liability to Third Persons.</u> The Creditor Trustee and her attorneys, accountants, advisors, agents, and representatives shall not be subject to any personal liability whatsoever, in tort, contract or otherwise, to any person in connection with the Creditor Trust Assets or the affairs or administration of the Creditor Trust, except for any such person's own gross negligence, fraud, or willful misconduct.

7.4    <u>Nonliability of Creditor Trustee for Acts of Others.</u> Nothing contained in this Instrument, the Plan, or the Confirmation Order shall be deemed to be an assumption by the Creditor Trustee of any of the liabilities, obligations or duties of the Debtor or Creditor Trust Beneficiaries and shall not be deemed to be or contain a covenant or agreement by the Creditor Trustee to assume or accept any such liability, obligation or duty. Any successor Creditor Trustee may accept and rely upon any accounting made by or on behalf of any predecessor Creditor Trustee hereunder, and any statement or representation made as to the assets comprising the Trust Assets or as to any other fact bearing upon the prior administration of the Trust, so long as it has a good faith basis to do so. A Creditor Trustee shall not be liable for having accepted and relied in good faith upon any such accounting, statement or representation if it is later proved to be incomplete, inaccurate or untrue. A successor Creditor Trustee shall not be liable for any act or omission of any predecessor Creditor Trustee, nor have a duty to enforce any claims against any predecessor Creditor Trustee on account of any such act or omission.

7.5    <u>Indemnity.</u> The Creditor Trustee and her attorneys, accountants, advisors, agents, and representatives (collectively, the "<u>Indemnified Parties</u>") shall be indemnified and held harmless by the Creditor Trust, to the fullest extent permitted by law, to the same extent as would apply if the Indemnified Parties were directors and officers of a corporation organized under Delaware law, solely and with administrative expense priority from the Creditor Trust Assets (including any insurance obtained by the Creditor Trustee) for any losses, claims, damages, liabilities and expenses, including, without limitation, reasonable attorneys' fees, disbursements and related expenses, which the Indemnified Parties may incur or to which the Indemnified Parties may become subject in connection with any action, suit, proceeding, claim, or investigation brought or threatened against one or more of the Indemnified Parties on account of the acts or omissions of the Indemnified Parties relating to the affairs or administration of the Creditor Trust; <u>provided, however,</u> that the Creditor Trust shall not be liable to indemnify any Indemnified Party for any act or omission constituting gross negligence, fraud, or willful misconduct. Notwithstanding any provision herein to the contrary, the Indemnified Parties shall be entitled to obtain advances from the Creditor Trust to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts or omissions, actual or alleged, of an Indemnified Party arising out of or relating to the affairs or

administration of the Creditor Trust; provided, however, that the Indemnified Parties receiving such advances shall repay to the Creditor Trust the amounts so advanced upon the entry of a Final Order finding that such Indemnified Parties were not entitled to any indemnity under the provisions of this Section 7.5. The foregoing indemnity in respect of any Indemnified Party shall survive the termination of such Indemnified Party from the capacity for which they are indemnified.

      7.6      Compensation and Expenses. The Creditor Trustee shall be entitled to reasonable compensation and expense reimbursement from the Creditor Trust Assets for services provided and expenses incurred in performing her duties and services in accordance with this Instrument.

## ARTICLE VIII
## SUCCESSOR CREDITOR TRUSTEES

      8.1      Resignation or Removal. The Creditor Trustee may resign from the Trust, effective on the later to occur of (a) the date specified in such written notice or (b) the effective date of the appointment of a successor Creditor Trustee in accordance with Section 8.3 hereof and such successor's acceptance of such appointment in accordance with Section 8.4 hereof. The Creditor Trustee may be removed for cause by order of the Bankruptcy Court or other court of competent jurisdiction.

      8.2      Effect of Resignation or Removal. The resignation, removal, incompetency, bankruptcy or insolvency of the Creditor Trustee shall not operate to terminate the Trust or to revoke any existing agency created pursuant to the terms of this Instrument, the Plan, or the Confirmation Order or invalidate any action theretofore taken by the Creditor Trustee. All fees and expenses incurred by the Creditor Trustee prior to the resignation, incompetency or removal of the Creditor Trustee shall be paid from the Trust Assets, unless such fees and expenses are disputed by the successor Creditor Trustee, in which case the Bankruptcy Court (or other court of competent jurisdiction) shall resolve the dispute and any disputed fees and expenses of the predecessor Creditor Trustee that are subsequently allowed by the Bankruptcy Court (or other court of competent jurisdiction) shall be paid from the Trust Assets. In the event of the resignation or removal of the Creditor Trustee, such Creditor Trustee shall: (i) promptly execute and deliver such documents, instruments and other writings as may be reasonably requested by the successor Creditor Trustee or directed by the Bankruptcy Court (or other court of competent jurisdiction) to effect the termination of such Creditor Trustee's capacity under this Instrument; (ii) promptly deliver to the successor Creditor Trustee all documents, instruments, records and other writings related to the Trust as may be in the possession of such Creditor Trustee; provided, however, that such Creditor Trustee may retain one copy of each of such documents; and (iii) otherwise assist and cooperate in effecting the assumption of the Creditor Trustee's obligations and functions by such successor Creditor Trustee.

      8.3      Appointment of Successor. In the event of the resignation, removal, incompetency, bankruptcy or insolvency of the Creditor Trustee, a vacancy shall be deemed to exist and a successor shall be appointed by the outgoing Creditor Trustee or by order of the Bankruptcy Court or other court of competent jurisdiction.

       8.4       <u>Acceptance of Appointment by Successor Creditor Trustee.</u> Any successor Creditor Trustee appointed hereunder shall execute an instrument accepting such appointment and shall deliver one counterpart thereof to the resigning Creditor Trustee, whereupon such successor Creditor Trustee shall, without any further act, become vested with all the liabilities, duties, powers, rights, title, discretion and privileges of its predecessor in the Trust with like effect as if originally named Creditor Trustee. The resigning or removed Creditor Trustee shall duly assign, transfer and deliver to such successor Creditor Trustee all property and money held by such retiring Creditor Trustee hereunder and shall, as reasonably requested by such successor Creditor Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Creditor Trustee all the liabilities, duties, powers, rights, title, discretion and privileges of such resigning or removed Creditor Trustee.

**ARTICLE IX**
**<u>MISCELLANEOUS PROVISIONS</u>**

       9.1       <u>Governing Law.</u> This Instrument shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts (without reference to conflicts of law).

       9.2       <u>Jurisdiction.</u> Subject to the proviso below, the parties agree that the Bankruptcy Court shall have jurisdiction over the Trust and the Creditor Trustee, including, without limitation, the administration and activities of the Trust and the Creditor Trustee; <u>provided, however,</u> that notwithstanding the foregoing, the Creditor Trustee shall have power and authority to bring any action in any court of competent jurisdiction to prosecute any of the Estate Causes of Action.

       9.3       <u>Severability.</u> In the event any provision of this Instrument or the application thereof to any person or circumstances shall be determined by Final Order to be invalid or unenforceable to any extent, the remainder of this Instrument or the application of such provision to persons or circumstances or in jurisdictions other than those as to or in which it is held invalid or unenforceable, shall not be affected thereby, and each provision of this Instrument shall be valid and enforceable to the fullest extent permitted by law.

       9.4       <u>Notices.</u> Any notice or other communication required or permitted to be made under this Instrument shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered personally or by telex, facsimile or other telegraphic means, sent by nationally recognized overnight delivery service or mailed by first-class mail. The date of receipt of such notice shall be the earliest of (a) the date of actual receipt by the receiving party, (b) the date of personal delivery (or refusal upon presentation for delivery), (c) the date of the transmission confirmation, or (d) three business days after service by first class mail, to the receiving party's below address(es):

    (i)    if to the Creditor Trustee, to:

> Kate Nicholson, Esq.
> Nicholson Herrick LLP
> 21 Bishop Allen Drive
> Cambridge, MA 02139
> Fax: 617-812-0405

    (ii)    if to the Debtor, to:

> Tri-City Community Action Program, Inc.
> c/o John T. Morrier
> Casner & Edwards, LLP
> 303 Congress Street
> Boston, MA  02210
> Fax: 617-426-8810

    (iii)    if to any Creditor Trust Beneficiary, to the last known address of such Creditor Trust Beneficiary according to the Creditor Trustee's records.

9.5    <u>Headings.</u> The headings contained in this Instrument are solely for convenience of reference and shall not affect the meaning or interpretation of this Instrument or of any term or provision hereof.

9.6    <u>Plan.</u> This Instrument constitutes an integral part of and is intended to implement the Plan.  Accordingly, in the event of any direct conflict or inconsistency between any provision of this Instrument, on the one hand, and the provisions of the Plan and the Confirmation Order, on the other hand, the provisions of the Plan and the Confirmation Order, as applicable, shall govern and control.

9.7    <u>Amendment.</u>  This Instrument may be amended (a) by order of the Bankruptcy Court or (b) by the Creditor Trustee; <u>provided, however,</u> that the approval of the Bankruptcy Court shall be required for any changes or amendments to this Instrument that are inconsistent with the terms of the Plan or the Confirmation Order.  In the event that the Creditor Trust shall fail or cease to qualify as a liquidating trust in accordance with Treasury Regulations Section 301.7701-4(d), this Creditor Trust Instrument may be amended by the Creditor Trustee to the extent necessary for the Creditor Trustee to take such action as it shall deem appropriate to have the Creditor Trust classified as a partnership for federal tax purposes under Treasury Regulations Section 301.77013 (but not a "publicly traded partnership" subject to Section 7704(a) of the Tax Code), including, if necessary, creating or converting it into a Delaware limited liability partnership or limited liability company that is so classified.

9.8    <u>Meanings of Other Terms.</u> Except where the context otherwise requires, words importing the masculine gender include the feminine and the neuter, if appropriate, words importing the singular number shall include the plural number and vice versa and words

15

importing persons shall include firms, associations, corporations and other entities. All references herein to Articles, Sections and other subdivisions, unless referring specifically to the Plan or provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or other law, statute or regulation, refer to the corresponding Articles, Sections and other subdivisions of this Instrument, and the words herein and words of similar import refer to this Instrument as a whole and not to any particular Article, Section or subdivision of this Instrument. The term "including" shall mean "including, without limitation."

      9.9    <u>Counterparts.</u> This Instrument may be executed in any number of counterparts, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same instrument. A facsimile or electronic mail signature of any party shall be considered to have the same binding legal effect as an original signature.

*Signatures on following page*

**IN WITNESS WHEREOF,** the Debtor and the Creditor Trustee have executed this Instrument effective as of the date first above written.

**DEBTOR**

Tri-City Community
 Action Program, Inc.

By:_____

**CREDITOR TRUSTEE**

_____
Kate Nicholson, Esq., in her capacity as
Creditor Trustee under the foregoing
Instrument, and not Individually

**CERTIFICATE OF SERVICE**

      I, A. Davis Whitesell, Esq., hereby certify that on May 17, 2017, I caused a copy of the foregoing **Supplement to Debtor's Liquidating Plan Dated April 14, 2017** to be served by email through the Court's ECF system to all entities that are registered users thereof in this Chapter 11 case.

Dated: May 17, 2017

/s/ A. Davis Whitesell
A. Davis Whitesell (BBO#551462)
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210
617-426-5900
whitesell@casneredwards.com